USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN GIRL, LLC,

      Plaintiff,

-against-

ZEMBRKA d/b/a WWW.ZEMBRKA.COM and WWW.DAIBH-IDH.COM; WWW.ZEMBRKA.COM; and WWW.DAIBH-IDH.COM,

      Defendants.

1:21-cv-02372 (MKV)

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

---

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff, the creator of American Girl-branded products, brought this trademark infringement action alleging that Defendants sold counterfeit and infringing products online using the well-known and trademarked name "American Girl." [ECF No. 6]. While the Court recognized that infringement was likely, it nevertheless dismissed the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). [ECF No. 32]. Plaintiff has now moved pursuant to Local Civil Rule 6.3 for reconsideration of that Opinion based on the availability of new evidence. [ECF No. 37]. For the reasons stated below, the motion is denied.

## BACKGROUND[1]

  The Court assumes familiarity with the facts and procedural history of this case. In brief, Plaintiff alleged that Defendants' websites mimicked the color scheme and imagery of Plaintiff's own website and sold products, advertised under the trademarked "American Girl" name, which were nearly indistinguishable from the products sold by Plaintiff. Compl. ¶¶ 29-31. To investigate the allegedly counterfeit and infringing products, Plaintiff's counsel ordered two products from

---

[1] The Court draws its facts from its prior Opinion, which drew from and accepted as true the well-pleaded allegations of the Complaint [ECF No. 6] ("Compl."). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants to be delivered to New York.  Compl. ¶ 32.  While Plaintiff paid for the products, the goods were never delivered, and Plaintiff received a full refund.  [ECF No. 28] ("Pl. MTD Br.") at 5 & n.4.

Amid its attempted reconnaissance, Plaintiff filed this trademark infringement action against Defendants.  [ECF No. 6].  Defendants, who operate from China, moved to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  [ECF No. 23].  In opposition, Plaintiff argued that Defendants are subject to specific personal jurisdiction in New York because: (i) Defendants transacted business in New York, and Plaintiff's trademark infringement claims are related to those transactions, *see* N.Y. C.P.L.R. § 302(a)(1); and/or (ii) Defendants' infringement activity is a "tortious act," which Defendants should "reasonably expect to have consequences in the state," *see* N.Y. C.P.L.R. § 302(a)(3)(ii).  [ECF No. 28].

This Court granted the motion to dismiss.  [ECF No. 32] ("Op.").  In so doing, the Court first found that Plaintiff had failed to demonstrate that Defendants had "transacted business" in New York.  Op. at 8.  The Court acknowledged that Plaintiff's counsel attempted to purchase products from Defendants,[2] but explained that these products never reached New York and that Plaintiff had been refunded the purchase price—a result of Defendants' purported "policy of not shipping product to the United States and to refund any money paid by a potential American purchaser."  Op. at 10.  The Court thus concluded that there could be no personal jurisdiction based on business transacted in New York given the lack of evidence that Defendants "specifically

---

[2] The Court did not discuss—as it was not necessary to do so—the fact that Courts within this Circuit have generally looked askance at blatant attempts—similar to the one employed by Plaintiff's counsel here—to manufacture personal jurisdiction.  *See Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp.*, No. 05-cv-2744, 2007 WL 3378256, at *5 (S.D.N.Y. Nov. 9, 2007) (collecting cases); *see also Clarus Transphase Scientific, Inc. v. Q-Ray, Inc.*, No. 06-cv-3450, 2006 WL 2374738, at *3 (N.D. Cal. Aug. 16, 2006) ("A plaintiff cannot manufacture personal jurisdiction in a trademark case by purchasing the accused product in the forum state.").

2

target[ed] New York with its sales and website, or consummated transactions in the state of New York." Op. at 14.

The Court next found that personal jurisdiction could not be based on the alleged tortious conduct by Defendants because Plaintiff had not established that such conduct caused injury in New York. Op. at 15. In particular, the Court found that Plaintiff had failed to show, through the attempted purchase by its counsel, that it had lost any business in New York because customers in the State were "confused or potentially confused" by the alleged infringement. Op. at 15. The Court explained that "[w]hile Plaintiff does allude to an unknown number of customers (whose locations also were unknown and were, thus, not necessarily in New York) who complained about Defendants' products, this vague reference does not satisfy Plaintiff's burden . . . to establish a specific 'New York market' influenced by Defendants' infringement." Op. at 16.[3]

Plaintiff now moves for reconsideration of the Court's Opinion based on the availability of new evidence. [ECF No. 37] ("Pl. Br."). Defendants opposed that motion [ECF No. 41] ("Def. Br."), and Plaintiff filed a reply [ECF No. 43) ("Pl. Reply").[4]

---

[3] The Court also noted the New York Court of Appeals decision in *Penguin Group (USA) Inc. v. American Buddha*, 16 N.Y.3d 295 (2011), which held that the situs of an injury based on copyright infringement occurring over the internet is "the location of the copyright holder." *Id.* at 302. The Court recognized that *Penguin* applied specifically to the publication of copyrighted material on the internet, but explained that certain Courts in this District had extended the reasoning from that case to actions involving trademarks. Op. at 15 (citing *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-cv-2897, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018)). The Court thus stated, without expressly holding, that under the logic of *Penguin*, Defendants' alleged infringement would cause injury to Plaintiff in California," which was Plaintiff's principal place of business, rather than New York. Op. at 15.

[4] In support of its motion, Plaintiff filed a memorandum of law [ECF No. 38] ("Pl. Br."), the Declaration of Jason M. Drangel [ECF No. 39] ("Drangel Decl."), and the Declaration of Rita Dangelo [ECF No. 39] ("Dangelo Decl."). Defendants' opposition attached numerous exhibits and affidavits. [ECF No. 41]. In its reply, Plaintiff argued that Defendants' affidavits should not be considered by the Court because Defendants (unlike Plaintiff) submitted them without first seeking the Court's permission. The Court need not address this issue, however, because Plaintiff's motion for reconsideration fails even assuming the affidavits filed by Defendants cannot be considered.

**LEGAL STANDARDS**

I. **Motion to Reconsider**

Reconsideration of an opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scare judicial resources." *Schansman v. Sberbank of Russia PJSC*, No. 19 Civ. 2985, 2022 WL 4813472, at *1 (S.D.N.Y. Sept. 30, 2022) (citation omitted). The standard must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Girl Scouts of the U.S.A. v. Boy Scouts of America*, No. 18 Civ. 10287, 2020 WL 6323130, at *1 (S.D.N.Y. Oct. 28, 2020) (citation omitted). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

Reconsideration based on new evidence will be granted only when the evidence is "truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012). In other words, the party moving for reconsideration "must demonstrate that the newly discovered evidence was neither in [their] possession nor available upon the exercise of reasonable diligence at the time the [relevant] decision was rendered." *Rockland Exposition, Inc. v. All. of Auto. Serv. Providers*, 894 F. Supp. 2d 288, 339 (S.D.N.Y. 2012) (internal quotation marks omitted).

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment."

II. **Rule 12(b)(2)**

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff must make a *prima facie* showing that the Court has personal jurisdiction over the defendant. *See Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). "In evaluating whether the requisite showing has been made," the Court must "construe the pleadings and any supporting materials in the light most favorable" to the plaintiff. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

## DISCUSSION

Plaintiff seeks reconsideration based on the availability of new evidence. In particular, Plaintiff claims that after the Court issued its Opinion dismissing the case for lack of personal jurisdiction, Plaintiff received sales records from PayPal which demonstrate that 38 New York customers purchased the allegedly counterfeit products through Defendants' websites—though those customers (like Plaintiff's counsel) never received the products and were ultimately refunded. The PayPal records also revealed that Defendants had sold hundreds of non-infringing products (*i.e.*, products not at issue in this case) to New York customers. Plaintiff argues that this evidence remedies important deficiencies identified in the Court's prior Opinion and thus warrants reconsideration of that Opinion.

I. **Newly Available Evidence**

The threshold question is whether the information that Plaintiff obtained from PayPal after this Court's Opinion was issued qualifies as "new evidence" for the purposes of a motion for reconsideration. To qualify as such, it must be the case that the evidence was "truly newly discovered or could not have been found by due diligence." *Space Hunters*, 500 F. App'x at 81 (internal quotation marks omitted). This standard flows from the general principle that "[a] motion to reconsider is not petitioner's opportunity to put forward evidence that [it] could have, but failed,

to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F. Supp. 3d 866, 868 (S.D.N.Y. 2016).

Defendants contend that the information obtained from PayPal does not qualify as "new evidence" for reconsideration purposes because Plaintiff, had it acted with reasonable diligence, could have gathered such evidence before the Court issued its Opinion dismissing the complaint. Plaintiff protests this characterization of its conduct, claiming that it clamored for this information from PayPal long before the Court issued its Opinion, but that it made no headway until a week after the Opinion was filed. Drangel Decl. ¶¶ 7–8, 12-14. This timing is curious. Perhaps it underscores what can be accomplished when pressure (in the form of a two-week reconsideration deadline) is applied. But whether the PayPal evidence was "newly available," or whether it was just belatedly obtained, makes no difference here and thus need not be decided because, for the reasons discussed below, Plaintiff's reconsideration motion fails on the merits.

## II. Long-Arm Jurisdiction

### A. Transaction of Business

Section 302(a)(1) of New York's long-arm statute authorizes the exercise of personal jurisdiction over a foreign entity if it "transacts any business within the state or contracts anywhere to supply goods or services in the state." A party "transacts business" within the State when it "purposefully avails itself of the privilege of conducting activities within New York." *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (2007) (cleaned up). To establish personal jurisdiction under Section 302(a)(1), the cause of action must also "arise from" the defendant's business activities within New York. A claim "arises from" a particular transaction "when there is some articulable nexus between the business transacted and the claim sued upon, or when there is a substantial

relationship between the transaction and the claim asserted." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (internal quotation marks omitted).

The few dozen instances that Plaintiff has identified in which New York customers purchased the allegedly infringing products do not qualify as business transactions for the purposes of New York's long-arm statute. That is because, as Plaintiff admits, the customers in each of those cases was refunded for the full amount of the purchase price, and the allegedly infringing products were never delivered to New York. This puts those New York customers in the same position as Plaintiff's counsel: they were able to order the products on Defendants' websites, but the sales were never consummated. The Court previously held that such activity, which is simply the result of the Defendants operating an interactive website, is insufficient to establish a business transaction within the State or contracting to supply goods in the State for purposes of personal jurisdiction. *See American Girl, LLC v. Zembrka*, No. 21-cv-2372, 2021 WL 169928, at *5-7 (S.D.N.Y. Apr. 28, 2021) (cited with approval by *Blockchange Ventures I GP, LLC v. Blockchange, Inc.*, No. 21-cv-891, 2021 WL 3115437, at *7 (S.D.N.Y. July 22, 2021)). So, while the "sales" that Plaintiff has identified are new, the logic from the Court's prior opinion continues to apply with the same force and effect.

As for the hundreds of other sales that Defendants consummated with New York customers, Plaintiff admits such sales "are unrelated to the Counterfeit Products and/or Defendants' Websites" and, as a result, they "do not give rise to Plaintiff's claims."[5] Pl. Reply at 8. However, Plaintiff contends that the transactions are nevertheless relevant to the question of purposeful availment. In so arguing, Plaintiff relies on the Second Circuit's decision in *Chloé v.*

---

[5] While Plaintiff does not provide much detail on the unrelated transactions—*e.g.*, what products were purchased or from where they were purchased—all that matters for the purpose of the personal jurisdiction analysis is Plaintiff's admission that none of these transactions were related to the alleged infringement.

*Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010). There, the Second Circuit held that an individual who shipped an allegedly counterfeit bag into New York was subject to personal jurisdiction in New York under the "transacting business" prong of the long-arm statute because "the single act of an out-of-state defendant employee shipping an item into New York, *combined with* his employer's extensive business activity involving New York, gives rise to personal jurisdiction." *Id.* at 165 (emphasis added). In so holding, the Second Circuit explained that the defendant's "additional contacts" with New York, although not the basis for Plaintiff's claims, "show that the shipment of a counterfeit Chloé bag was not . . . a one-off transaction, but rather a part of a larger business plan purposefully directed at New York consumers." *Id.* at 167 (internal quotation marks and citations omitted).

This case is distinguishable from *Chloé*. Here, unlike in *Chloé*, Plaintiff still has been unable to identify a single instance in which Defendants have shipped an allegedly infringing product into New York. Plaintiff argues that the shipment of an infringing product to New York was not critical to the Second Circuit's analysis in *Chloé*. But that is simply not so. The shipment of the infringing product was the linchpin of the court's finding of personal jurisdiction. The shipment of non-infringing products simply placed that singular shipment in a broader context, demonstrating that the shipment of the infringing product was not a rogue or accidental thing, but part of an intentional plan to conduct business in New York. Without the shipment of an allegedly infringing product in this case, there is no New York transaction from which Plaintiff's trademark infringement claims arise. As such, there can be no personal jurisdiction based on the transaction of business.

### B. Tortious Conduct

Plaintiff also may establish specific jurisdiction over Defendants under Section 302(a)(3) of New York's long-arm statute. In order to demonstrate long-arm jurisdiction under Section

302(a)(3), a plaintiff must establish the following elements: (1) Defendants committed a tortious act outside the state; (2) Plaintiff's cause of action arose from that act; (3) the tortious act caused injury to a person or property within the state; (4) Defendants expected or should reasonably have expected the act to have consequences in the state; and (5) Defendants derive substantial revenue from interstate or international commerce. *See Sole Resort*, 450 F.3d at 106. In previously dismissing this case, the Court found that Plaintiff faltered at the third step, failing to meet its burden of establishing injury within New York. Plaintiff argues that this factor has now been satisfied in light of the new evidence that New York customers purchased (or at least *tried* to purchase) Defendants' allegedly infringing products. But even if the Court were to accept that (dubious) argument, Plaintiff would still stumble on the following step of the analysis, which the Court had no need to reach on Defendants' original motion to dismiss.

Whether Defendants expect or should reasonably expect their tortious conduct to have consequences within New York is governed by an objective test. *See Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 467-68 (S.D.N.Y. 2008). The mere "likelihood or foreseeability" that Defendants' product will find its way into New York is insufficient on its own to satisfy this test. *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999). Rather, "foreseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market." *Energy Brands*, 571 F. Supp. 2d at 468 (quoting *Schaadt v. T.W. Kutter, Inc.*, 169 A.D.2d 969, 564 N.Y.S.2d 865, 866 (3d Dep't 1991)). The test thus turns on whether the facts demonstrate that Defendants should have been aware that their allegedly infringing product would enter the New York market. *See Foot Locker Retail, Inc. v. SBH, Inc.*, No. 03-cv-5050, 2005 WL 91306, at *4 (S.D.N.Y. Jan. 18, 2005) (citing *American Network, Inc. v. Access America/Connect Atlanta, Inc.*, 975 F. Supp. 494, 497 (S.D.N.Y. 1997)); *see also Martinez v. American Standard*, 91 A.D.2d 652, 654, 457 N.Y.S2d

9

97, 99 (2d Dep't 1982) (declining to exercise jurisdiction over out-of-state defendant where there were "no tangible manifestations in [the] record" indicating defendant "knew or should have known" that type of product which caused injury to plaintiff was destined for New York).

This objective test has not been satisfied. The reason for this is the same as the reason that the business transaction prong has not been satisfied: Plaintiff has not demonstrated that Defendants have delivered any allegedly infringing products to New York. Plaintiff argues that this point should not be dispositive, and that the objective test should be satisfied by the fact that the websites "display prices in U.S. dollars, are written in English, [and] do not contain any disclaimer whatsoever regarding shipment to the U.S. and New York." Pl. Reply at 9. But none of these facts suggest that Defendants made a discernable effort to serve the New York market. *See Sullivan v. Walker Constr., Inc.*, No. 18-cv-9870, 2019 WL 2008882, at *3 (S.D.N.Y. May 7, 2019) (Nathan, J.) (rejecting argument that "if Defendant didn't want any business in New York, they could have easily stated so or blocked the users from New York from reaching them"). Indeed, the fact that Defendants had a policy of not shipping to the United States and provided refunds to Plaintiff's counsel and the other 38 New York customers demonstrates just the opposite: Defendants intentionally aimed to avoid the New York market.

Under the circumstances, the Court cannot find that Defendants expected or should have expected its allegedly tortious conduct to have consequences in New York. Accordingly, Defendants are not subject to personal jurisdiction pursuant to Section 302(a)(3).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for reconsideration is denied. The Clerk of Court respectfully is requested to close the Motion at ECF No. 37.

**SO ORDERED**

  Date:  **June 26, 2023**
        **New York, New York**                                    **MARY KAY VYSKOCIL**
                                                                            **United States District Judge**